NIKOL SNEZANA GEROU
and KENNETH ROY GEROU,

        Plaintiffs,

v.

        Case No. 25-cv-1592-pp

SAM KAUFMAN,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE**

        On October 16, 2025, the plaintiffs filed a document titled "Non-Statutory Petition in Equity for Mandatory Injunction and other Equitable Relief." Dkt. No. 1. The plaintiffs also filed a motion for a preliminary injunction, dkt. no. 2, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 3. The court will grant the plaintiffs' request to proceed without prepaying the filing fee. Because the "petition"—which the court construes as a complaint—does not state a claim for relief and because amendment would be futile, the court will dismiss the case and deny as moot the plaintiffs' motion for preliminary injunction.

**I.    Background**

        Between July 2025 and October 2025, the plaintiffs filed four civil cases in this court, as well as a petition for bankruptcy relief under Chapter 7 and

1

two related adversary proceedings in the bankruptcy court. In re Gerou, *et al.*, Case No. 25-24068 (Bankr. E.D. Wis.) (filed July 17, 2025); Gerou, *et al.* v. George, *et al.*, Case No. 25-cv-1160 (E.D. Wis.) (filed August 5, 2025); Gerou, *et al.* v. George, *et al.*, Adv. No. 25-2114 (Bankr. E.D. Wis.) (filed August 29, 2025; closed Nov. 4, 2025); Gerou v. Nelnet, Adv. No. 25-2115 (Bankr. E.D. Wis.) (filed September 24, 2025); Gerou, *et al.* v. Marine Credit Union, *et al.*, Case No. 25-cv-1569 (E.D. Wis.) (filed October 14, 2025); Gerou, *et al.* v. Kaufman, Case No. 25-cv-1592 (E.D. Wis.) (filed October 16, 2025); Gerou, *et al.* v. Whitten, Case No. 25-cv-1593 (E.D. Wis.) (filed October 16, 2025). All the civil cases relate to matters in the plaintiffs' bankruptcy case.

## II. Motion for Leave to Proceed Without Prepaying Filing Fee

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The caption for the motion for leave to proceed without prepaying the filing fee lists both Nikol and Kenneth Gerou as plaintiffs, but only Nikol signed the motion. See Dkt. No. 3. The motion avers that Nikol is employed and receives $3,611 in net salary on a bi-weekly basis. Id. at 1. Assuming that "bi-weekly" means every other week, Nikol's monthly net income would be about

2

$7,222. It avers that Kenneth Gerou is self-employed and is "paid irregularly," saying that "new contracts are starting but pay out isn't until completions and at different milestones being met." Id. The petition avers that the plaintiffs have $26 in cash, savings or checking accounts and own no property of value. Id. at 2. It lists monthly expenses of $2,700 in mortgage payments, $400 to $500 for utilities, $65 for cell phone service, $115 for internet service, $2,500 for groceries, $500 for "[m]aintenance/[r]epairs," $250 for car insurance and related expenses, $250 for tuition and $500 for medical and dental expenses. Id. That totals about $7,280 to $7,380 in monthly expenses. The petition avers that the plaintiffs have three children and have a pending bankruptcy case. Id.

Based on this, the court finds that the plaintiffs (or, because she is the only signatory, Nikol Gerou) do not have the ability to prepay the filing fee and will grant the motion for leave to proceed without doing so. The court advises the plaintiffs, however, that they still are responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; she still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiffs—or Nikol—must pay the filing fee over time, as they are able.

### III. Screening

    A.    <u>Legal Standard</u>

The court next must "screen" the complaint to decide whether the plaintiffs have raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Id.</u>

Although courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendant, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. <u>Id.</u> at 663–64.

B.  The Complaint

The document the plaintiffs filed lists the court as "United States of America District of Wisconsin."[1] Dkt. No. 1 at 1. It lists the caption of the case as "In Re: Nikol Snezana Gerou and Kenneth Rouy Gerou, Cedstui's V Attorney Sam Kaffman, Van Zande Law Firm." Id.

The plaintiffs allege that this district court is a "court of equity under Article III" which "has original jurisdiction to act where legal remedies are insufficient to prevent or redress ongoing violations of constitutional and fiduciary duties." Id. They allege that they are "appeal[ing] to the inherent power of this court in equity to intercede and issue a non-statutory mandatory injunction, as the wrongs suffered cannot be rectified at law." Id. They assert that they are seeking a "mandatory injunction against attorneys at law, in their individual capacity, acting as a constitutional officer, under oaths, yet in clear violation of Article 14, Section 3 of the United States Constitution to which they have an oath to uphold." Id.

The plaintiffs allege that they have suffered harms including "[l]oss of home and homestead" and "[d]eprivation of Due Process," including "[l]ack of meaningful discovery or full disclosure of the party asserting foreclosure rights"; "[d]enial of an opportunity to challenge standing, assignments, and chain of title"; and "[f]ailure of opposing counsel to act with clean hands, breaching their fiduciary duties to the court and to justice." Id. at 2. The

---

[1] The state of Wisconsin is divided into two federal judicial districts, the Eastern and the Western Districts. This court is the United States District Court for the Eastern District of Wisconsin.

plaintiffs assert that the loss of their home is "an equitable ground for injunctive relief" that cannot be remedied with financial compensation. Id. (citing Lynch v. Household Finance Corp., 405 U.S. 538, 552 (1972)). They contend that they are seeking a "mandatory injunction, as opposed to a prohibitory one" in order to "restrain the defendant from causing any further injury by acting in concert with aiding the enemy against his oath outlined in Article 14, Section 3 of the United States Constitution." Id. at 2–3.

The plaintiffs allege that they are entitled to an injunction because "extreme or serious damage would result absent the relief." Id. at 3. They maintain that "they have a reasonable probability of succeeding in their overall case at trial due to the constitutional violations under Article 14, Section 3 acting against their oaths of office and the defendant engaging in a pattern and practice behavioral pattern causing extreme distress to the petitioner." Id. The plaintiffs ask the court to issue an injunction to "restore the condition of the parties to the state prior to the Respondents' wrongful actions." Id. at 4.

The plaintiffs allege that "[r]espondents, attorneys-at-law, have entered into office under oath to support the Constitution of the United States, thereby becoming officers of the court and fiduciaries under public trust." Id. They allege that the "respondents" have "[k]nowingly supported fraudulent claims made by a private banking entity"; "[m]isrepresented material facts in foreclosure proceedings"; "[u]tilized the judicial machinery to dispossess the Petitioners of equitable interest in property without due process or full disclosure"; and "[a]cted in breach of fiduciary duty to the court and in

6

collusion with known bad actors, in violation of Article XIV, Section 3 of the U.S. Constitution." Id. The plaintiffs assert that the "respondents" have acted "for unjust enrichment of a third-party bank" and "[k]nowingly enforced foreclosure on behalf of a party lacking standing or title." Id.

The plaintiffs ask the court to issue a "non-statutory mandatory injunction restraining all activities by said attorneys in the foreclosure matter pending full equitable hearing;" to compel "attorneys to provide full disclosure of all documents of authority and lawful standing;" and to issue a "show cause order requiring attorneys to justify their actions under the Constitution and rules of equity." Id. They ask the court to "[c]ommand discovery of all original mortgage-related instruments and assignments" and "[h]old Respondents accountable under equity for breach of oath and fiduciary duty." Id. at 5.

The plaintiffs attach to their petition a document titled "Civil Case Opening Motion Under Article III." Id. at 6. The caption of this document lists the court as "United States District Court Eastern District of Wisconsin." Id. at 1. It lists the individuals or entities being sued as "MARINE CREDIT UNION, Sam Kaufman, Van Zande Law Firm, and associated attorneys, et al., Respondents." Id. The document is signed only by one person. Id. In this document, the plaintiffs state that this case "is being filed concurrently with a Verified Complaint for Declaratory and Injunctive Relief involving claims arising from federal constitutional violations, federal tax and GAAP misreporting, unlawful pledging of instruments under Federal Reserve Operating Circular No. 10, and equitable performance matters." Id. They allege that this case "arises

7

from claims previously withdrawn, without prejudice, from mandamus proceedings captioned In re Gerou, Case No. CV-1160." Id.

C. Analysis

As best as the court can determine, the plaintiffs are challenging state court proceedings that resulted in the foreclosure of their home. The court located a foreclosure proceeding in Waukesha County Circuit Court. Marine Credit Union vs. Gerou, *et al.*, Case No. 2024CV001592 (available at https://wcca.wicourts.gov/). The public record for that foreclosure proceeding reveals that Attorney Sam Kaufman represented Marine Credit Union in that proceeding. It appears that the plaintiffs believe that Kaufman committed some kind of wrongdoing during or related to these proceedings.

It is not clear who the plaintiffs intended to sue. The "Non-Statutory Petition in Equity" portion of the filing lists "Attorney Sam Kauffman, Van Zande Law Firm." Dkt. No. 1 at 1. This could be read to mean the defendant is Sam Kaufman of Van Zande Law Firm, or that there are two defendants—Sam Kaufman and Van Zande Law Firm. The plaintiffs' motion for leave to proceed without prepaying the filing fee names only "Attorney Sam Kaufman" as the defendant, which implies that the plaintiffs intended to sue only Sam Kaufman. Dkt. No. 3 at 1. But the body of the "Non-Statutory Petition in Equity" portion states that "[r]espondents" and "attorneys" (plural) have taken certain actions, which implies that the plaintiffs intended to sue *both* Kaufman and Van Zande Law Firm. See Dkt. No. 1 at 4–5. In the "Civil Case Opening Motion" portion of the filing, the plaintiffs name Marine Credit Union, Sam Kaufman, Van Zande

8

Law Firm "and associated attorneys, et al." as respondents and request summonses for Marine Credit Union, "Sam Kaufman and Van Zande Law Firm," Monica Paz and John and Jane Does 1-5. Id. at 6–7. Monica Paz and Marine Credit Union are not named defendants in any of the filings and are not mentioned in the body of the complaint or in any caption.[2] If the plaintiffs intended to sue multiple defendants, the "Non-Statutory Petition in Equity" does not specify what actions each defendant has taken that allegedly violate the plaintiffs' rights. The repeated references to "attorneys" suggest that Attorney Kaufman is at least one of the targets of the lawsuit, but the document also refers broadly to "respondents" as a collective. This lack of clarity about who the plaintiffs intended to sue is a deficiency in the lawsuit; the filing does not give fair notice as to who the plaintiffs have sued or what the plaintiffs are alleging they did or did not do. That alone compels dismissal of the "Non-Statutory Petition in Equity" for failure to state a claim.

    Nor is it clear who the plaintiffs are. The "Non-Statutory Petition in Equity" and the motion for leave to proceed without prepaying the filing fee name both Nikol and Kenneth Gerou as plaintiffs, but the documents are signed only by Nikol Gerou. Dkt. Nos. 1, 3. The petition does not list Kenneth Gerou in the signature block. Dkt. No. 1 at 5. The motion for preliminary injunction is unsigned and does not have a case caption. Dkt. No. 2. Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and

---

[2] Marine Credit Union and Monica Paz are named defendants in <u>Gerou, et al. v. Marine Credit Union, et al.</u>, Case No. 25-cv-1569.

9

Case 2:25-cv-01592-PP     Filed 12/18/25     Page 9 of 14     Document 7

other paper must be signed by . . . a party personally if the party is unrepresented." If Kenneth Gerou intended to be a plaintiff in this case, he must sign the documents and pleadings filed in it.

Perhaps the plaintiffs believe that Nikol can represent them both. But it appears that Nikol is not a lawyer. The application to proceed without prepaying the filing fee says that Nikol is employed at a hospital. Dkt. No. 3 at 1. There is no one by the name of Nikol Gerou listed on the State Bar of Wisconsin's website as being a lawyer licensed in the state of Wisconsin. www.wisbar.org. Federal law does not allow non-attorneys to represent litigants in federal court. Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." See also Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.") (citing 28 U.S.C. §1654). Even a power of attorney does not authorize a non-lawyer to practice law or represent someone in federal court. Johnson v. Bank One N.A., 90 F. App'x 956, 957 (7th Cir. 2004). Because Kenneth Gerou did not sign the "Non-Statutory Petition in Equity" and non-lawyer Nikol Gerou cannot represent him, the proper course would be for the court to dismiss Kenneth as a plaintiff.

Even if the court were to liberally construe the "Non-Statutory Petition in Equity" as a complaint having been brought by Nikol Gerou on behalf of herself against Attorney Kaufman, that complaint does not state a claim for relief.

10

Gerou claims that Kaufman supported fraudulent claims and misrepresented facts related to the foreclosure proceeding, deprived the plaintiffs of due process and breached his fiduciary duties in violation of Article 14, Section 3 of the Constitution. Dkt. No. 1 at 4.

The plaintiffs might be trying to bring a fraudulent misrepresentation claim against Kaufman arising out of his representation of Marine Credit Union and out of undisclosed statements he made during the state-court foreclosure proceedings. But under Wisconsin law, "[s]tatements made during judicial proceedings and quasi-judicial proceedings are absolutely privileged when the statements bear a proper relationship to the issue, i.e., are relevant to the proceeding." Bernegger v. Washington Mut., F.A., Case No. 07-C-1028, 2008 WL 4722392, at *5 (E.D. Wis. Oct. 24, 2008) (citing Bergman v. Hupy, 64 Wis. 2d 747, 749–51 (Wis. 1974)); see also Sweeney v. Flanagan, 92 F.3d 1187 (7th Cir. 1996) ("Under Wisconsin law, a statement relating to a lawsuit that is made in the 'procedural context' of the lawsuit is absolutely privileged. . . ."). Any fraudulent misrepresentation claim based on Attorney Kaufman's statements in the foreclosure proceedings is barred because Attorney Kaufman's statements during those proceedings are absolutely privileged.

The plaintiffs object to the foreclosure proceedings, arguing that they were deprived of due process and that Marine Credit Union's claims were fraudulent. It's unclear how Attorney Kaufman would be civilly liable for errors in due process purportedly made by the state court. In any event, the plaintiffs must raise any challenge to Marine Credit Union's right to foreclose on the

11

plaintiffs' home by filing an appeal of that state court case. Under the Rooker-Feldman doctrine, this federal court cannot invalidate or alter a state court judgment. "Under the *Rooker–Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983)). "*Rooker–Feldman*, therefore, requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court." Id. (citing Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 701–02 (7th Cir. 1998)). This court has no jurisdiction to declare the foreclosure void or otherwise alter the outcome of the state-court foreclosure proceeding.

As to the plaintiffs' claim that Attorney Kaufman violated his "oath" and thus Article 14, Section 3 of the Constitution, that clause of Article 14 is the insurrection clause. It disqualifies individuals from holding certain federal offices if they have engaged in insurrection or rebellion against the United States or have given and or comfort to enemies of the United States. It is not clear how Kaufman, a private attorney who does not hold a federal governmental office, could be found to have violated that clause, or how his alleged failure to comply with his oath as a lawyer could constitute a violation of that clause. The insurrection clause does not give rise to any fiduciary duty

12

that Kaufman would owe to the plaintiffs or to the court. Nor does a federal court have jurisdiction over complaints against Wisconsin lawyers who allegedly have violated their oaths of office; the Wisconsin Supreme Court, through the Office of Lawyer Regulation, is the authority that addresses such complaints. The "Non-Statutory Petition in Equity" fails to state any claim for relief that a federal court may grant.

For these reasons, the court must dismiss the complaint. Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because the plaintiffs have not stated any claims for which this federal district court may grant relief. This court cannot alter a state court judgment, and Attorney Kaufman's statements are protected by the litigation privilege. The court will dismiss this case without leave to amend.

Because the court is dismissing this case for failure to state a claim, it also will deny as moot the plaintiffs' motion for preliminary injunction.

## IV. Conclusion

The court **GRANTS** the plaintiffs' motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim. The clerk will enter judgment accordingly.

13

The court **DENIES AS MOOT** the plaintiffs' motion for a preliminary injunction. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 18th day of December, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**